## ANDREW J. GILE v. BOARD OF EDUCATION OF BRAINERD SCHOOL DISTRICT AND ANOTHER.[1]

January 22, 1954.

No. 36,120.

*Arvid M. Falk,* for relator.

*John M. Prins,* for respondents.

[1]Reported in 62 N. W. (2d) 487.

KNUTSON, JUSTICE.

Certiorari to the industrial commission to review an order determining that employee is entitled to an award.

While employed by respondent school district, employee fell and suffered a comminuted compound fracture of his right femur on June 21, 1948. He was attended by Dr. William E. Fitzsimons of Brainerd, who first attempted to screw the fragments of bone together but failed. He then placed a screw bone plate and three Parham bands upon and around the bone fragment. Employee was hospitalized for two weeks and thereafter had a cast on the leg for nine or ten weeks. He attempted to go back to work in October 1950 but had to give it up. He has not worked since that time.

Employee was paid compensation after his injury for 50 weeks temporary total disability and 70 weeks permanent partial disability. When compensation was discontinued on October 15, 1950, this proceeding was commenced.

Dr. Carl O. Rice, called by employer, testified that in his opinion employee has a 35-percent permanent disability of his right leg. He testified that employee had high blood pressure and an enlargement of his heart and that, largely on account of these disabilities, it would not be safe for employee to re-engage in the work he had formerly done.

Dr. Fitzsimons, called by employee, was of the opinion that employee had suffered a 75-percent disability of his leg but that he was 100 percent unemployable. In arriving at that opinion he took into consideration the total physical condition and age of employee.

The commission appointed Dr. Harvey Nelson as a neutral physician. He was of the opinion that the use of different types of metal had resulted in an electrolytic process causing a marked absorption of the bone, and he recommended immediate surgery to remove the metal parts left in employee's leg. Dr. Nelson was of the opinion that employee has suffered a 75-percent permanent disability of the right leg directly attributable to the fracture.

The referee, whose findings were affirmed by the commission, made an additional award based on a 75-percent permanent disability of

the leg and also required employer and its insurer to furnish such further medical and hospital care as might be necessary to remove the metal bands, plates, and screws from employee's leg. This has all been accomplished.

Employee contends that the commission erred in failing to award him compensation benefits for temporary disability to date and for future disability in connection with the surgery performed upon the recommendation of Dr. Nelson and also that he is entitled to compensation benefits for total permanent disability.

It is conceded by all the doctors that employee had high blood pressure, an enlargement of the heart, and other infirmities characteristic of advancing old age. Employee was 70 years of age at the time of his injury. The neutral physician found that at the time of his examination employee was 75 years of age; that in addition to high blood pressure and a systolic murmur of the heart he was practically blind in one eye due to a cataract; and that his hearing was only fair, "there being senile changes in both ear drums." Employee admitted that he was short of breath on rather light exertion.

There is no doubt that the injury suffered on June 21, 1948, was the precipitating cause of the unemployment. Employee would have us hold as a matter of law that, inasmuch as he was then employed and can no longer perform his former work, he is permanently disabled due to the injury sustained at that time.

We are dealing here with a man well advanced in years, afflicted by many of the ailments common to approaching senility. Whether he would have been able to continue with his work had he not suffered an accident is something no one can say with absolute certainty. The solution of that question involved a determination of fact for the industrial commission on the basis of the evidence before it. The mere fact that employee was awarded the expenses of additional surgery does not of itself compel a finding that during such surgery and the ensuing convalescing period he was entitled to compensation benefits. The evidence here would sustain a finding that he was then disabled due to causes other than the injury and that, even absent any surgery, he would not have been able to work.

After all, the basic question is whether the injury caused his present unemployment or whether other infirmities pre-existing the injury which are of a progressive nature brought about his inability to work. That is a fact question, and, there being sufficient evidence to sustain the commission's finding on that issue, the decision must be affirmed.

Affirmed.